UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID THOMAS,<br><br>          Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>          Defendants. | Case No. 15-cv-04330-JD<br><br>**ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE**<br><br>Re: Dkt. No. 10 |

       Pro se plaintiff David Thomas filed a complaint on September 22, 2015, against the City and County of San Francisco, the San Francisco District Attorney, and a number of members of the San Francisco Police Department. Dkt. No. 1. On January 14, 2016, the Court ordered Thomas to show cause by January 22, 2016, why this case should not be dismissed for failure to prosecute and why he should not be sanctioned for failing to appear at a case management conference on January 13, 2016. Dkt. No. 10. The Court also directed Thomas to serve process on defendants by the January 20, 2016 deadline set by Federal Rule of Civil Procedure 4(m), or show good cause for not effecting service. *Id*.

       Thomas has not responded to these orders. In addition, there is still no indication in the ECF docket that plaintiff has served a summons on any of the defendants, or even requested the Clerk of the Court to issue a summons. Consequently, the Court dismisses the action for failure to prosecute.

## DISCUSSION

       Federal Rule of Civil Procedure 41(b) provides the Court with authority to dismiss a case for failure to prosecute or to comply with any of its orders. Fed. R. Civ. P. 41(b); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). "'In determining whether to dismiss a claim for

failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.'" *See Espinosa v. Washington Mut. Bank*, No. C 10-04464 SBA, 2011 WL 334209, at *1 (N.D. Cal. Jan. 31, 2011) (quoting *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)).

Application of these factors here weighs in favor of dismissal. Thomas has failed to respond to the Court's Order to Show Cause, despite having been warned that the case might be dismissed as a result for failure to prosecute. *See* Dkt. No. 10. With respect to the first factor, "'[t]he public's interest in expeditious resolution of litigation always favors dismissal.'" *Espinosa*, 2011 WL 334209, at *1 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). For the second factor, the Court must be able to manage its docket "without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642; *see also Ferdik*, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.") For the third factor, "'a presumption of prejudice arises from the plaintiff['s] failure to prosecute.'" *See Holland v. Farrow*, No. 14-CV-01349-JST, 2015 WL 1738394, at *1 (N.D. Cal. Apr. 6, 2015) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998)). Plaintiff has done nothing at all to rebut that presumption, and so this factor weighs strongly in favor of dismissal. With respect to the fourth factor, the Court already issued an Order to Show Cause, which provided Thomas with notice of his failure to appear at the case management conference, and a warning about the upcoming deadline to serve defendants or request an extension. *See* Dkt. No. 10. The Court's issuance of the Order to Show Cause satisfies the requirement that the Court consider less drastic sanctions. *See Ferdik*, 963 F.2d at 1262. Although the fifth factor -- the public policy favoring disposition of cases on their merits -- might weigh against dismissal, on its own, the cumulative weight of the other factors overrides it. *See Pagtalunan*, 291 F.3d at 643 (finding district court did not abuse its discretion in dismissing case where three of the five factors weighed in favor of dismissal).

2

Dismissal of this case is also warranted independently under Federal Rule of Civil Procedure 4(m), which directs the Court to dismiss the action without prejudice or order that service be made within a certain period, if a defendant is not served within a specified time after the complaint is filed. Fed. R. Civ. P. 4(m). In the Order to Show Cause, the Court notified Thomas that the deadline for service was approaching on January 20, 2016, and that the case would be dismissed if he did not serve the defendants by the deadline or demonstrate good cause for his failure by January 22, 2016. Dkt. No. 10 at 1-2. Thomas did not respond.

## CONCLUSION

Because four of the five relevant factors weigh in favor of dismissal, and because the plaintiff has failed to effect timely service under Rule 4(m), Court dismisses this case in its entirety without prejudice. The clerk will enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: January 28, 2016

JAMES DONATO
United States District Judge